582

Roberto Jose ESTRADA–
SAENZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74756.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Roberto Jose Estrada–Saenz, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Roberto Jose Estrada–Saenz, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Estrada–Saenz did not establish past persecution because the single vague threat that Estrada–Saenz received from his neighbors does not rise to the level of past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Moreover, substantial evidence supports the IJ's finding that Estrada–Saenz's fear of future persecution is objectively unreasonable because his fear of future harm is too speculative, and he was able to live in Nicaragua without incident for approximately ten years following the threat. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

Because Estrada–Saenz failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of Estrada–Saenz's CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Nicaragua. *See id.*

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.